United States District Court
For the Western District of Virginia
Harrisonburg Division

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:12cr00040-2 |
| v. | | **REPORT AND RECOMMENDATION** |
| **CHAD SCOTT THOMPSON,** | | By: James G. Welsh |
| *Defendant* | | U. S. Magistrate Judge |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

As set forth in more detail in the Indictment, the Grand Jury previously returned a multiple count Indictment charging in **Count One** that beginning on an unknown date, but no later than March 21, 2012, and continuing to on or about May 23, 2012 this defendant, together with others, knowingly and intentionally combined, conspired, confederated and agreed to commit an offense against the United States, that is: to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, U.S.C., Section 846; charging in **Count Two** that on or about March 21, 2012 this defendant did

unlawfully, knowingly and intentionally distribute or possess with the intent to distribute, or did aid and abet in the distribution or possession with intent to distribute, a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule lI controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, 18 U.S.C. § 2; and charging in **Count Three** that on or about March 28, 2012 this defendant did unlawfully, knowingly and intentionally distribute or possess with the intent to distribute, or did aid and abet in the distribution or possession with intent to distribute, a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule lI controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, 18 U.S.C. § 2.

The plea hearing was conducted before the undersigned on October 29, 2012. The defendant was at all times present in person and with his counsel, William W. Eldridge, IV. The United States was represented by Lea Ashley Shannon Wright, Special Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g), Federal Rules of Criminal Procedure.

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written and orally supplemented proffer of evidence for the purpose of establishing an independent basis for the defendant's plea, and the defendant entered pleas of guilty to felony offenses charged in Counts Two and Three of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts. His full legal name is CHAD SCOTT THOMPSON. He is thirty (30) years of age and he has a high school education. He is able to read, write and understand English without difficulty. He testified that he had no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding; he stated he was using no alcoholic beverage, medication or drugs which might impair his ability to participate fully in the proceeding and that his mind was clear. He stated that he understood he was in court for the purpose of entering a plea of guilty to two felony offenses which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the felony offenses charged in Counts Two and Three of the Indictment.

The defendant acknowledged that he had received a copy of the Indictment; it had been fully explained to him; he had discussed all of the charges with his attorney, and he had been given enough time to do so. He stated he understood the nature of the charges against him in the Indictment and specifically understood that each charged a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter pleas of guilty to the offenses charged in Counts Two and Three had been made after consulting fully with his attorney. He stated he was fully satisfied with the

3

services of his attorney, and it was his intention and desire to enter the two guilty pleas in accordance with the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea of guilty was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to plead guilty to participating on the dates alleged in Counts Two and Three of the Indictment in that he had engaged in the unlawful, knowing and intentional distribution or possession with intent to distribute, or the aiding and abetting of such distribution or possession with intent to distribute, a quantity of a mixture and substance containing a detectable amount of methamphetamine [¶ A.1.]; the defendant's express acknowledgment of the maximum sentence for the offenses charged in Counts Two and Three [¶ A.1.]; the defendant's express understanding of his various potential monetary obligations, including that he may be required to pay fees for his incarceration and supervised release, that he may be required to pay restitution, that his assets may be subject to forfeiture, and that he must pay a $100.00 special assessment per felony count of conviction [¶¶ A.1. and B.6.a.]; the defendant's admission of his factual guilt to the offenses charged in Counts Two and Three Indictment and his stipulation that there is a sufficient factual basis to support each and every material allegation underlying each charge to which he was proposing to plead guilty [¶¶ A.1.

4

and E.4.]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the terms of the government's obligation to move for dismissal of all remaining counts of the Indictment at the time of sentencing [¶ A.3.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's express acknowledgment that the government would object to any sentence below the guideline range [ B.1.]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document are relevant sentencing conduct [¶ B.2]; the parties' agreement that the 2012 edition of the Sentencing Guidelines Manual applied to the defendant's offenses and that guideline section 2D1.1 (c)(10) was applicable to the defendant's conduct [¶ B.2.]; the terms of the acceptance of responsibility provision [¶ B.2.]; the agreement's provision concerning the defendant's role in the offense [¶ B.3.]; the substantial assistance provision [¶ B.4.]; the terms of the government's agreement to recommend a sentence at the low end of the applicable sentencing guideline range [¶ B.5.]; the terms of the defendant's restitution obligation [¶ B.6.a.]; the defendant's financial disclosure obligation [¶ B.6.b.]; the scope of the defendant's express waiver of his right of direct appeal [¶ C.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ C.2.]; the defendant's abandonment of any seized property [¶ C.5.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶C.3.]; the defendant's various additional duties, including those of cooperation, disclosure and truthful testimony [¶ C.8.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶ D.]; the defendant's acknowledgment that he had been effectively represented in this case [¶

5

E.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ E.2.]; and the substance of the agreement's other terms and provisions.  *See* Rule 11(b)(1)(B)-(N) and 11(c)(1)-(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney.  Counsel for the defendant, likewise, represented that his understanding was the same; she further represented that each of its terms had been reviewed with the defendant, and she stated that she was satisfied that the defendant understood all of its terms.  The defendant was then shown the plea agreement; and he affirmed it to be his signature on the document.  He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case.  The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the offenses charged in Counts Two and Three of the Indictment had been outlined to the defendant; he acknowledged that he understood the maximum statutory penalty proved by law for conviction of each said Count is confinement in a federal penitentiary for twenty (20) years, a $1,000,000 fine and a term of supervised release.  *See* Rule 11(b)(H)-(I).  In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $200.00 special assessment.  *See* Rule 11(b)(1)(L).

6

The defendant then acknowledged that he knew his pleas, if accepted, would result in him being adjudged guilty of two felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offenses; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

7

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ C.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶ C.2.], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The

8

defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty.  *See* Rule 11(b)(1)(F).

The defendant acknowledged that in the event he received a more severe sentence than he expected or the court did not accept any sentencing recommendation by the government, he would still be bound by his guilty plea and would have no right to withdraw it.

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offenses charged in Counts Two and Three because there was "no doubt" about his participation in the drug (methamphetamine) offenses described in those two counts of the Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Amended Statement of Facts which summarized the facts that the government was prepared to prove at trial to establish the offenses charged against this defendant in Counts Two and Three of the Indictment.  The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, and did not contest any of the facts set forth therein.  With the signature of the defendant and with the acknowledgment of the defendant and his attorney that the written Amended Statement of Facts fairly summarized the government's case, it was received, filed and made a part of the record.  *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty

9

pursuant to the terms of the plea agreement. By counsel, the defendant waived his right to a reading of the indictment. Upon being then called-upon for his plea, the defendant entered a plea of GUILTY to the offense charged in Count One, alleging his violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2, and he entered a plea of GUILTY to the offense charged in Count Two, also alleging his violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2 . The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant having been previously found to be in violation of the terms and conditions of his pretrial release, said pretrial release was revoked, and the

10

defendant was remanded to the custody of the United States Marshal pending preparation of a pre-sentence report and acceptance of his guilty plea.

## GOVERNMENT'S EVIDENCE

The agreed written Amended Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charges set forth in Counts Two and Three of the Indictment;

2. The defendant is fully aware of the nature of the charges set forth in Counts Two and Three, and he is also fully aware of the consequences of his guilty pleas to said offenses;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and his tender of pleas of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered his said pleas of guilty;

7. The defendant's pleas of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

11

9. The evidence presents an independent basis in fact containing each essential element of the two offenses to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to the lesser offense charged in Count One of the Indictment, that he be adjudged guilty of the said felony offense, that the government's motion to dismiss as to this defendant the remaining charges in the Indictment be GRANTED, and that a sentencing hearing be set for February 6, 2012 at 9:30 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 4th day of December 2012.

*s/ James G. Welsh*
United States Magistrate Judge